LAWRENCE M. HADLEY (SBN 157728)
hadleyl@hbdlawyers.com
HAZIM ANSARI (SBN 190601)
ansarih@hbdlawyers.com
MIEKE K. MALMBERG (SBN 209992)
malmbergm@hbdlawyers.com
HENNIGAN, BENNETT & DORMAN LLP
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone:   (213) 694-1200
Facsimile:   (213) 694-1234

Attorneys for Plaintiffs
ULTRAMERCIAL, LLC and
ULTRAMERCIAL, INC.

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULTRAMERCIAL, LLC;<br>ULTRAMERCIAL, INC.,<br><br>                    Plaintiffs,<br><br>     vs.<br><br>HULU, LLC; YOUTUBE, LLC;<br>WILDTANGENT, INC.,<br><br>                    Defendants. | Case No. CV 09-06918 RGK (PLAx)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT HULU LLC'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT**<br><br>Date:     February 16, 2010<br>Time:     9:00 a.m.<br>Ctrm:     850<br>Judge:   Honorable R. Gary Klausner |

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ..................................................................................1

II.   ARGUMENT ........................................................................................1

      A.    *TWOMBLY* AND *IQBAL* DO NOT CHANGE THE STANDARD
            FOR PLEADING DIRECT PATENT INFRINGEMENT ..................2

      B.    ULTRAMERCIAL'S COMPLAINT SATISFIES THE RULE 8
            PLEADING STANDARD .................................................................3

            1.    Rule 8 Does Not Require An Identification of
                  Infringed Claims ...................................................................4

            2.    Ultramercial Adequately Identifies the Accused
                  Hulu Service ..........................................................................4

III.  CONCLUSION.....................................................................................7

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

-i-

Case No. CV 09-06918 RGK (PLAx)       PLAINTIFFS' OPPOSITION TO DEFENDANT HULU, LLC'S MOTION TO
                                      DISMISS OR FOR A MORE DEFINITE STATEMENT

# TABLE OF AUTHORITIES

Page

## Cases

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009) ............................................................... 2, 3, 6

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................... 2, 3, 6

*Conley v. Gibson*,
   355 U.S. 41, 47 (1957) ...................................................................... 6

*Elan Microelectronics Corp. v. Apple, Inc.*,
   2009 U.S. Dist. LEXIS 83715 at *7 (N.D. Cal. Sept. 14, 2009) ............................. 3

*Gen-Probe, Inc. v. Amoco Corp.*,
   926 F. Supp. 948 (S.D. Cal. 1996) ...................................................... 5

*Halo Elecs., Inc. v. Bel Fuse Inc.*,
   2007 U.S. Dist. LEXIS 54419 at *5 (D. Nev. July 26, 2007) .............................. 4

*Hewlett-Packard Co. v. Intergraph Corp.*,
   2003 U.S. Dist. LEXIS 26092 at *6-7 (N.D. Cal. Sept. 6, 2003) .......................... 5

*Interdigital Technology Corp. v. OKI America, Inc.*,
   845 F. Supp. 276 (E.D. Pa. 1994) ...................................................... 5

*Li Ming Tseng v. Marukai Corp. U.S.A.*,
   2009 U.S. Dist. LEXIS 112124 at *3-4 (C.D. Cal. Nov. 13, 2009) ......................... 5

*Mark IV Industries, Corp. v. Transcore, LP.*,
   2009 U.S. Dist. LEXIS 112069 at *6-10 (D. Del. Dec. 2, 2009) ........................... 3

*McZeal v. Sprint Nextel Corp.*,
   501 F.3d 1354 (Fed. Cir. 2007) ........................................................ 3

*Ondeo Nalco Co. v. Eka Chems., Inc.*,
   2002 U.S. Dist. LEXIS 26195 at *5-6 (D. Del. Aug. 10, 2002) ........................... 5

## Other Authorities

D. Minn. Local Rule Form 4 ................................................................ 4

E.D. Texas Patent Local Rule 3-1 ......................................................... 4

Fed. R. Civ. P. 8(a)(2) ............................................................ passim

Fed. R. Civ. P. Form 18 ............................................................. 1, 3, 4

N.D. Cal. Patent Local Rule 3-1 .......................................................... 4

# I.    INTRODUCTION

Defendant Hulu LLC ("Hulu") asks this Court to dismiss Ultramercial, LLC's and Ultramercial, Inc.'s ("Ultramercial") 114-paragraph First Amended Complaint ("Complaint") for direct patent infringement because it is too "vague and conclusory" to be "facially plausible."  If anything, it is Hulu's motion that lacks facial plausibility.  The detailed allegations in Ultramercial's Complaint leave Hulu with no legally plausible ground for contending that Ultramercial fails to meet the standard for pleading direct patent infringement.  That standard is set forth in Rule 8 and Form 18 of the Federal Rules of Civil Procedure.  Contrary to Hulu's suggestion, the Supreme Court has not changed the standard.

Rather than apply the correct standard for pleading direct patent infringement, Hulu makes up its own.  First, Hulu argues that Ultramercial's Complaint is deficient because it does not identify the infringed patent claims (presumably, by claim number) and provide a claim-by-claim infringement analysis.  But neither an identification of infringed claims nor a patent analysis is required at the pleading stage.  Second, Hulu argues that Ultramercial's Complaint is deficient because it does not identify an infringing "Hulu product" by name.  But an identification of an infringing product by name is not required in any case, and certainly is not required in this case where (1) the patent claims at issue apply to methods, not products, and (2) Hulu offers an infringing service, not "products."  Ultramercial's Complaint describes the infringing Hulu service at a level of detail that far exceeds the applicable Fed. R. Civ. P. Rule 8 and Form 18 pleading requirements.  Thus, Hulu's motion should be denied.

# II.    ARGUMENT

Hulu's argument that Ultramercial's Complaint fails to meet the standard for pleading direct patent infringement rests on the false notion that the Supreme Court's *Twombly* and *Iqbal* decisions changed the standard.  Rule 8 and Form 18 of the

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

1  Federal Rules of Civil Procedure remain the standard for pleading direct patent
2  infringement.

3       Ultramercial's Complaint against Hulu for direct patent infringement easily
4  satisfies that standard. Hulu provides no authority to support its argument that the
5  pleading standard requires an identification of asserted patent claims, and there is
6  none. Hulu's argument that Ultramercial failed to identify an infringing "Hulu
7  product" is unavailing because Ultramercial's patent covers infringing methods, not
8  products, and Hulu offers an infringing service, not products. Moreover,
9  Ultramercial's allegations are far from "generic," as Hulu argues. Instead,
10 Ultramercial's Complaint provides detailed allegations regarding Hulu's infringing
11 on-line video distribution service, along with allegations as to why it infringes
12 Ultramercial's patented technology. Nothing more is required, and Hulu's motion
13 should be denied.[1]

## A. *Twombly* and *Iqbal* Do Not Change the Standard For Pleading Direct Patent Infringement

16      To state a claim for relief, Fed. R. Civ. P. Rule 8 requires "a short and plain
17 statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.
18 8(a)(2). In a pair of recent cases, the Supreme Court has clarified that a complaint
19 does not require "detailed factual allegations." Rather, the complaint must allege
20 "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its
21 face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v.*
22 *Twombly*, 550 U.S. 544, 570 (2007)).

23      For claims of direct patent infringement, as Ultramercial has alleged here, the
24 *Twombly* and *Iqbal* decisions do not change the established pleading standard. The

---

26 [1] If the Court finds Ultramercial's allegations deficient in any way, Ultramercial
27 agrees with Hulu that it should be allowed to amend.

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

-2-

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

Federal Rules of Civil Procedure provide a form patent complaint for direct infringement.  Fed. R. Civ. P. Form 18.  Under the Rules, a court must accept as sufficient any pleading made in conformance with the forms.  *See* Fed. R. Civ. P. 84; *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1360 (Fed. Cir. 2007); *Elan Microelectronics Corp. v. Apple, Inc.*,  2009 U.S. Dist. LEXIS 83715 at *7 (N.D. Cal. Sept. 14, 2009).[2]  Thus, any claim for direct patent infringement containing the level of specificity set forth in Form 18 satisfies Rule 8 as interpreted in the *Twombly* and *Iqbal* decisions.  *Mark IV Industries, Corp. v. Transcore, LP.*, 2009 U.S. Dist. LEXIS 112069 at *6-10 (D. Del. Dec. 2, 2009).

## B.    Ultramercial's Complaint Satisfies the Rule 8 Pleading Standard

For claims of direct infringement, Form 18 requires (1) a statement of jurisdiction, (2) an allegation that the plaintiff owns the patent, (3) an allegation that the defendant has infringed by making, selling, or using a product that embodies the patented invention, and (4) a demand for relief.  Ultramercial's Complaint for direct infringement easily contains the specificity set forth in Form 18, and Hulu does not contend otherwise.  For this reason alone, Hulu's motion to dismiss must be denied.

Rather than compare Ultramercial's allegations with the standard set forth in Form 18, Hulu makes up its own standard to attack Ultramercial's Complaint.  Specifically, Hulu asserts that Ultramercial fails to state a claim for relief on two grounds.  First, Hulu asserts that Ultramercial "does not identify the claims of the '545 Patent that it alleges Hulu infringed." (Mot. at 4.)  Second, Hulu asserts that

---

[2] In *Elan*, a magistrate judge dismissed Apple's counterclaims that Elan "directly and/or indirectly" infringed certain patents, because Apple failed to plead the additional elements required to assert claims of contributory infringement and inducement.  *Elan*, 2009 U.S. Dist. LEXIS 83715 at *6-7.  Thus, *Elan* provides no support for dismissing a direct infringement claim under the *Twombly* and *Iqbal* decisions.

"Ultramercial does not identify which Hulu products allegedly infringe those claims." (Mot. at 4.)  Both grounds are unavailing.

### 1.    Rule 8 Does Not Require An Identification of Infringed Claims

Hulu argues that Ultramercial's Complaint is deficient because it fails to allege which of the 16 claims in the '545 Patent Hulu infringes.  But Hulu cites no authority that a complaint for direct patent infringement must identify which claims are infringed.  Nor does any authority exist.  Form 18 contains no requirement for an allegation of the exact patent claims allegedly infringed.  Furthermore, at least one of Hulu's cited authorities holds that Rule 8 does not require either an identification of claims or a claim-by-claim analysis.  *Halo Elecs., Inc. v. Bel Fuse Inc.*, 2007 U.S. Dist. LEXIS 54419 at *5 (D. Nev. July 26, 2007).  Finally, every district court that has adopted "patent local rules" requires the patent holder to identify asserted claims only after the pleadings have been finalized.  *See, e.g.*, N.D. Cal. Patent Local Rule 3-1 (requiring disclosure of asserted claims 14 days after the Initial Case Management Conference ("CMC")); E.D. Texas Patent Local Rule 3-1 (requiring for the disclosure of asserted claims 10 days after the Initial CMC ); D. Minn. Local Rule Form 4 (requiring a Rule 26(f) report that includes a deadline for the patent holder to provide a claim chart listing the asserted claims).  Thus, Hulu's argument that a compliant for direct patent infringement must identify the asserted patent claims must be rejected.

### 2.    Ultramercial Adequately Identifies the Accused Hulu Service

Hulu argues that Ultramercial's Complaint is deficient because it does not identify which "Hulu products" infringe the '545 Patent.  (Mot. at 4.)  In support, Hulu cites five district court cases.  Yet none of the cases supports Hulu's contention that Ultramercial's Complaint fails to meet the Rule 8 pleading standard in this case.

First, Hulu's authorities mostly involve the sufficiency of pleading infringement of patents on claimed devices where the patent owner fails to identify in any way the product or products allegedly covered by the asserted patents.  *See Ondeo*

PLAINTIFFS' OPPOSITION TO DEFENDANT HULU, LLC'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

*Nalco Co. v. Eka Chems., Inc.*, 2002 U.S. Dist. LEXIS 26195 at *5-6 (D. Del. Aug. 10, 2002); *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 962 (S.D. Cal. 1996); *Hewlett-Packard Co. v. Intergraph Corp.*, 2003 U.S. Dist. LEXIS 26092 at *6-7 (N.D. Cal. Sept. 6, 2003); *Li Ming Tseng v. Marukai Corp. U.S.A.*, 2009 U.S. Dist. LEXIS 112124 at *3-4 (C.D. Cal. Nov. 13, 2009).  Unlike the patents at issue in those cases, Ultramercial's patent claims methods, not products.  Furthermore, Hulu offers a service; it does not make and sell a "product" that Ultramercial could have identified.  As alleged in Ultramercial's Complaint, Hulu offers an advertising-supported, internet-based, video distribution service.  Complaint at ¶¶ 38-67, 95-104.  Accordingly, in its Complaint, Ultramercial properly alleged that Hulu's internet video service practices the methods recited in the '545 patent.  Under these facts, Hulu's argument that Ultramercial needed to identify some "Hulu product" to satisfy Rule 8 is nonsense.

Second, even as to product claims, Rule 8 does not require identification by name of specific products that are alleged to infringe.  Rather, the products alleged to infringe must be "sufficiently identified in some way."  *Interdigital Technology Corp. v. OKI America, Inc.*, 845 F. Supp. 276, 283 (E.D. Pa. 1994).  In Hulu's cited cases, the plaintiff failed to identify the accused products in any way.  For example, in *Hewlett-Packard Co. v. Intergraph Corp.*, 2003 U.S. Dist. LEXIS 26092 at *5-6 (N.D. Cal. Sept. 6, 2003), the plaintiff simply alleged that the defendant's "software and hardware products" infringed, even though the defendant made over "150 core technology platforms . . . implemented in over 4000 end-user application products."  Likewise, in *Li Ming Tseng v. Marukai Corp. U.S.A.*, 2009 U.S. Dist. LEXIS 112124 at *3-4 (C.D. Cal. Nov. 13, 2009), the plaintiff simply alleged that the defendant sold "goods" that infringed Plaintiff's patent.  Unlike these cases, Hulu does not offer numerous services and products that could be the subject of Ultramercial's infringement allegations.  Rather, as alleged in the Complaint, Hulu offers a single,

PLAINTIFFS' OPPOSITION TO DEFENDANT HULU, LLC'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

on-line video distribution service.  Ultramercial's Complaint sufficiently identifies Hulu's service, even if Ultramercial does not provide "names," which may not even exist.

Finally, Hulu's cited authorities – both before and after the *Twombly* and *Iqbal* decisions – apply a fairness standard in judging the legal sufficiency of a complaint: In alleging infringement, as in other cases, a patent holder must provide "fair notice" of the claim and the grounds upon which it rests.  *Bell Atlantic*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While Hulu extracts sound bites from cases in which patent holders provided no hint as to what a defendant made, used or sold within the scope of asserted patent claims, Hulu cannot credibly argue that it does not understand what it allegedly does to infringe Ultramercial's patent in this case.  Indeed, any objective reading of Ultramercial's Complaint demonstrates that Hulu has "fair notice" of Ultramercial's infringement claim and the grounds upon which it rests.

Hulu points to paragraphs 67 and 97 of Ultramercial's Complaint in asserting that Ultramercial's Complaint contains only "generic allegations."  (Mot. at 6.)  But Hulu utterly ignores the other 40 paragraphs describing Ultramercial's patented technology and Hulu's alleged infringement.  Complaint at ¶¶ 10-12, 38-67, 95-104.  In those paragraphs, Ultramercial alleges that it owns patented technology for gating and monetizing the distribution of copyrighted content over the internet.  With Ultramercial's patented technology, content owners can make their copyrighted works available over the internet with an electronic "lock" in the form of a sponsored advertisement.  Consumers are permitted to view the copyrighted content, without charge, in exchange for viewing the sponsored advertising.  Complaint at ¶¶ 10-12.

In paragraphs under the heading "***Defendant Hulu and its Infringing Use of the Patented Ultramercial System***," Ultramercial alleges that Hulu engages in an on-line content distribution business, allowing internet users to access copyrighted video

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

content.  Complaint at ¶¶ 40-43.  Before Hulu began offering copyrighted content, Ultramercial and Hulu engaged in discussions regarding the Ultramercial content gating system, and Ultramercial provided Hulu with a document teaching it how to implement Ultramercial's gating technology.  With Ultramercial's information, Hulu proceeded – without Ultramercial – to implement its video distribution business using paid advertisements to gate and monetize copyrighted content.  Complaint at ¶¶ 38-60.  After Ultramercial's patent issued, the parties engaged in further discussion, including discussions regarding Hulu's use of Ultramercial's patented technology by gating copyrighted content with paid advertising.  After accepting more information from Ultramercial, Hulu ceased communications and refused to license Ultramercial's patented technology.  Instead, Hulu simply pilfered it – thereby infringing Ultramercial's patent.  Complaint at ¶¶ 61-67.

In light of these detailed allegations, it is absurd for Hulu to assert that it lacks "fair notice" of Ultramercial's infringement claim and the grounds upon which it rests.  Because Ultramercial's allegations must be accepted as true on a motion to dismiss,  it is equally absurd for Hulu to contend that Ultramercial's direct infringement claim is not "facially plausible."  Hulu undoubtedly understands Ultramercial's infringement claims and what it allegedly does to infringe.

## III.    CONCLUSION

For the foregoing reasons, Ultramercial respectfully asks that Hulu's motion to dismiss be denied.

DATED:  January 25, 2010          HENNIGAN, BENNETT & DORMAN LLP


By_____/s/  Lawrence M. Hadley_____
               Lawrence M. Hadley

Attorneys for Plaintiffs
ULTRAMERCIAL, LLC and
ULTRAMERCIAL, INC.