RICHARD G. FRENKEL (State Bar No. 204133)
rfrenkel@wsgr.com
LISA K. NGUYEN (State Bar No. 244280)
lnguyen@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA  94304-1050
Telephone:  (650) 493-9300
Facsimile:  (650) 565-5100

Attorneys for Defendant
WILDTANGENT, INC.

DARIN SNYDER (State Bar No. 136003)
dsnyder@omm.com
LUANN SIMMONS (State Bar No. 203256)
lsimmons@omm.com
NORA M. PUCKETT (State Bar No. 248743)
npuckett@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
Telephone: (415) 984-8811
Facsimile: (415) 984-8701

Attorneys for Defendant
HULU LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULTRAMERCIAL, LLC; ULTRAMERCIAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> HULU LLC; WILDTANGENT, INC., <br><br> Defendants. | Case No. CV 09-06918 RGK (PLAx) <br><br> **DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY (RELATED TO DOCKET ENTRIES # 29 and 53)** |

Defendants WildTangent, Inc. and Hulu LLC (together, "Defendants") hereby submit this Notice of Supplemental Authority in support of their Motion to Dismiss Under *Bilski* (Docket No. 29) to bring to this Court's attention certain interim guidance recently issued by the United States Patent Office that is relevant to this motion.

Pursuant to the Court's order, on July 20, 2010, the parties submitted supplemental briefing regarding the effect the Supreme Court's decision in *Bilski v. Kappos*[1] had on Defendants' motion to dismiss. (Docket No. 53.) Defendants submitted a supplemental brief explaining that the Supreme Court's decision confirmed that Ultramercial's Patent (U.S. Patent No. 7,346,545), which claims a method of Internet advertising, is invalid under 35 U.S.C. § 101 because the patent (1) claims an abstract idea; and (2) fails the machine-or-transformation test.

In support of their supplemental brief, Defendants cited the USPTO's June 28, 2010 memorandum to the Patent Examining Corps on the Supreme Court's decision in *Bilski*, which instructed patent examiners to "continue to examine patent applications . . . using the existing guidance concerning the machine-or-transformation test as a tool for determining whether the claimed invention is a process under section 101." (Docket No. 53 at 3:6-14, Docket No. 54-1, Ex. A.)

On July 27, 2010, after Defendants filed their supplemental brief, the USPTO supplemented its memorandum to the Patent Examining Corps and issued "Interim Guidance for Determining Subject Matter Eligibility for Process Claims in View of *Bilski v. Kappos*," 75 Fed. Reg. 43,922 (July 27, 2010) ("Interim Guidance").[2] The Interim Guidance "provides factors to consider in determining

---

[1] No. 08-964, 561 U.S. \_\_\_, 2010 WL 2555192 (U.S. June 28, 2010).

[2] The Interim Guidance is attached as Exhibit A to the Declaration of Nora M. Puckett, submitted herewith.

DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY
CASE NO. CV 09-06918 RGK (PLAx)
-1-

subject matter eligibility of method claims in view of the abstract idea exception." *Id.* at 43,923.

The USPTO again confirmed that the machine-or-transformation test is a factor that patent examiners should consider in assessing whether a method patent, like the Ultramercial Patent, claims an abstract idea and is therefore invalid under section 101. The USPTO also described certain factors that weighed against eligibility including whether (1) the patent cites no particular machine, (2) a "[m]achine is generally recited such that it covers any machine capable of performing the claimed step(s)," or (3) the "[m]achine is merely an object on which the method operates." *Id.* at 43,927. As discussed in Defendants' motion and supplemental brief, the claims of the Ultramercial Patent are not tied to a particular machine, and they only describe performing the method on a generic computer or via the Internet, thus falling within all three of these factors identified by the PTO that weigh against patent eligibility. (Docket No. 29 at 6:9-10:24; Docket No. 53 at 8:15-25.)

The USPTO also stated that examiners should look to the "nature of the article transformed" in assessing patentability and noted that where the article is "a concept such as a contractual obligation," the factor would weigh against patent eligibility. Interim Guidance at 43,925. Under the Interim Guidance, the Ultramercial Patent's description of the "transformation" of legal obligations relating to intellectual property is a factor that weighs against the patent's eligibility. *Id*.

The Interim Guidance also stated that where a "general concept . . . is involved in executing the steps of the method," it "can be a clue that the claim is drawn to an abstract idea." *Id.* at 43,925. General concepts include "[b]asic economic practices or theories (*e.g.*, hedging, insurance, financial transactions, marketing)" and "[i]nstructing 'how business should be conducted.'" *Id.* at 43,927. Defendants explained in their motion and supplemental brief that the Ultramercial

DEFENDANTS' NOTICE OF SUPPLEMENTAL
AUTHORITY
CASE NO. CV 09-06918 RGK (PLAx)                              -2-

Patent discloses the general business concept of a particular type of advertising on the Internet and that because the patent only claims basic economic practices (advertising) and at best, instructs how to conduct advertising, the patent claims an unpatentable abstract idea.  (Docket No. 53 at 4:6-7:15.)

DATED:  August 3, 2010         WILSON SONSINI GOODRICH & ROSATI
                               Professional Corporation

                                /s/Richard G. Frenkel
                               Richard G. Frenkel (SBN 204133)
                               WILSON SONSINI GOODRICH & ROSATI
                               650 Page Mill Road
                               Palo Alto, CA 94304
                               Telephone:  (650) 493-9300
                               Facsimile:  (650) 565-5100
                               rfrenkel@wsgr.com

                               Attorneys for Defendant
                               WILDTANGENT, INC.

DATED:  August 3, 2010         O'MELVENY & MYERS LLP

                                /s/Darin Snyder
                               Darin Snyder (SBN 136003)
                               O'MELVENY & MYERS LLP
                               Two Embarcadero Center, 28th Floor
                               San Francisco, CA 94111-3823
                               Telephone: (415) 984-8811
                               Facsimile: (415) 984-8701
                               dsnyder@omm.com

                               Attorneys for Defendant
                               HULU LLC

1 **SIGNATURE ATTESTATION**

2 I hereby attest that I have received the concurrence of Richard G. Frenkel in

3 the e-filing of this document as indicated by the "conformed" signature (/s/) above.

5 /s/ Darin Snyder
Darin Snyder

SF1:800086.1

DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY
CASE NO. CV 09-06918 RGK (PLAx)            -4-